UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICKY LYNN, | ) | CASE NO. 5:24-cv-00153 |
| Plaintiffs, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| DANIEL J. BEERS, et al., | ) | |
| Defendants. | ) | ORDER |

On January 25, 2024, this action was transferred to the Northern District of Ohio from the District Court of South Carolina after the latter determined that this action was related to an action before this Court—*Glasgow v. Beers, et al.*, 5:21-cv-2001-DAR.

Prior to the transfer Defendants Druzilla J. Abel and Dale E. Bellis filed separate motions to dismiss the Complaint. (R. 39 & 82). Defendants' motions are premised, in part, on the alleged lack of jurisdiction of the District Court of South Carolina over Defendants. (R. 39-1, PageID# 457-461; R. 82-1, PageID# 869-875). Defendants' motions are hereby DENIED as moot to the extent they challenge the jurisdiction of the District Court of South Carolina.

Both Defendants also seek dismissal of the conversion claim asserted against them for failure to state a claim. (R. 39-1 at PageID# 464-466; R. 82-1 at PageID# 879-991). In the related case before this Court, Defendants Abel and Bellis filed a Joint Motion to Dismiss that also sought to dismiss a conversion claim against them on the grounds that it failed to state a claim. (Case No. 5:21-cv-2001, R. 85). Therein, Defendants' motion to dismiss noted that the *Glasgow* plaintiffs allege that Virginia law applies to their conversion claims, and conceded the issue for the purposes of the motion, but "reserve[d] the right to dispute the appropriate choice of law at a

later stage in these proceedings." (Case No. 5:21-cv-2001, R. 85 at PageID# 1208-1209, n. 1). In the case at bar, the Defendants' motions to dismiss the conversion claim cite South Carolina law. (R. 39-1; R. 82-1). Nonetheless, both the current motions and the *Glasgow* motion were substantively the same with Defendants arguing that the conversion claim failed because: (1) the money contributed by Plaintiff(s) was not part of a segregated or identifiable fund; and (2) the Plaintiff(s) did not have a property interest in the item allegedly converted and were not entitled to the immediate possession of the funds. (*Compare* R. 85-1 at PageID# 1207-1210 in Case No. 5:21-cv-2001 *with* R. 39-1 at PageID# 464-466, R. 82-1 at PageID# 879-881). As the Court finds no material or substantive difference in the arguments raised, arguments which this Court previously rejected (R. 105), Defendants' motions to dismiss are DENIED with respect to the conversion claims.

Finally, both motions assert the unjust enrichment and civil conspiracy claims against them fail to state a claim. (R. 39-1 at PageID# 463-64, 467-69; R. 82-1 at PageID# 876-78, 881-883). In the *Glasgow* case, the Amended Complaint raises an unjust enrichment claim only against Defendant Gospel Light Mennonite Church Medical Aid Plan Inc. (*doing business as* Liberty Healthshare) and does not contain a civil conspiracy claim. (R. 76, PageID# 1037). Nevertheless, as the Court has yet to determine whether consolidation of these actions would be appropriate, the remainder of Defendants' motions to dismiss are DENIED *without* prejudice subject to potential refiling after the Court holds a status conference.

IT IS SO ORDERED.

                                                s/ *David A. Ruiz*
                                                David A. Ruiz
                                                United States District Judge

Date: March 28, 2024